IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS CASANUEVA FERRO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01695** |
| | ) | **Judge Aleta A. Trauger** |
| **CHRISTOPHER BULLOCK, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

The petitioner, Carlos Casanueva Ferro, has filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order of immediate release from detention. (Doc. No. 1.) The Government has since filed its Response. (Doc. No. 17.) For the following reasons, the writ will be granted.

## I. BACKGROUND

Ferro is a Cuban citizen who entered the country in 2022 without inspection. (Doc. Nos. 1 ¶ 31; 17 at 2.) He has resided in the United States ever since and has an application for asylum pending with immigration authorities. (Doc. No. 1 ¶ 1.) On October 26, 2026, Ferro was detained by Immigration and Customs Enforcement agents in Nashville, Tennessee. (*Id.* ¶ 32.) Ferro's counsel filed the Petition with this court later that day. (*See generally id.*)

In the Petition, Ferro claims that his continued detention is unlawful because he was not afforded an individualized, pre-deprivation bond custody hearing to challenge his detention. (Doc. No. 1 ¶ 32.) He claims that he is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework—not 8 U.S.C. § 1225(b)'s mandatory detention framework—and that his continued detention violates, among other things, his statutory due process rights under the Immigration and

Nationality Act ("INA"). (*Id.* ¶¶ 72–78.)

In its Response, the Government concedes that Ferro is subject to § 1226(a)'s discretionary detention framework. (Doc. No. 17 at 2.) The Government, however, urges the court to deny Ferro's request for a writ because (1) service of the Verified Petition "has not been confirmed" in accordance with Federal Rule of Civil Procedure 4; and (2) Ferro has not requested a bond custody hearing with an immigration court. (*Id.* at 1–2.) The court rejects both of those arguments, as detailed below.

## II. DISCUSSION

In the Sixth Circuit, a noncitizen who is subject to 8 U.S.C. § 1226(a)'s discretionary detention scheme is entitled to an individualized bond custody hearing to challenge his continued detention. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). The Government concedes that the Sixth Circuit's decision in *Lopez-Campos* "controls the outcome of this matter" and that Ferro has not been afforded a hearing, despite the fact that he has been held in detention for almost two weeks. (*Id.* at 2.) On that basis alone, the court finds that the Government has violated Ferro's due process rights under the INA and will order Ferro's immediate release from detention.

The court is not persuaded by the Government's argument that service was not "confirmed" in accordance with Rule 4. (*Id.* at 1.) First, it is not at all clear what the Government means when it asserts that service was not "confirmed." Second, the Government does not specify which requirements of Rule 4, if any, have not been complied with by Ferro. So, the court cannot evaluate the Government's service-based challenge, given the underdeveloped nature of this argument. Regardless, the service requirements of Rule 4 are designed to ensure that the defendant received adequate notice of the pending action. There is no question that the Government received *actual* notice of this action: the Government's counsel filed an unconditional notice of appearance (Doc.

No. 11) and submitted a Response addressing Ferro's allegations on their merits. (Doc. No. 17.) Thus, the court declines to dismiss this action based on some purported service of process deficiency.

The court also does not credit the Government's argument that Ferro was required to affirmatively *request* a bond hearing before the court can order his release. (*Id.* at 2.) This argument has been considered and rejected multiple times by federal district courts in the Sixth Circuit, including this one. *See Perdomo Amaya v. Bullock*, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sept. 24, 2026) ("[T]he Government appears to argue that the Petitioner need not be released because he has not *requested* a bond hearing. That argument is without merit.") (emphasis in the original); *Cabrera v. Bullock, et al.*, No. 3:26-cv-01322 (Sept. 21, 2026) (Richardson, J.) ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."); *Gutierrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at *1 (E.D. Mich. May 20, 2026) ("*Lopez Campos* does not require such a person to 'request' a bond hearing."); *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896, at *7 (E.D. Mich. Nov. 24, 2025) (same). Once again, the court will reject that argument.

## III. CONCLUSION

For the reasons stated above, the writ of habeas corpus requested by the petitioner, Carlos Casanueva Ferro, is **GRANTED**. The court **DECLARES** that Ferro is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework. The court **FURTHER DECLARES** that Ferro's continued detention is unlawful and violates his due process rights. The Government is **ORDERED** to immediately release Ferro from custody in Nashville by 1:00 p.m. CST on Monday, November, 9, 2026, with all possessions, property, and documents that Petitioner had at the time

he was taken into custody. The Government is **FURTHER ORDERED** to file a Status Report with the court no later than 4 p.m. CST on November 9, 2026 to certify compliance with this Order.

Finally, Ferro's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, must be made by a separate motion.

Having determined that Ferro's procedural due process rights were violated, and that he is entitled to a writ of habeas corpus on that basis, the court declines to address his constitutional arguments. (Doc. No. 1 ¶¶ 79–90.) The Emergency Motion to Enforce the Court's Order of October 27, 2026 (Doc. No. 10) is **DENIED AS MOOT**.

ALETA A. TRAUGER
United States District Judge